UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**JOSEPH A. BENIKAS,**
    **- Plaintiff**


    **v.**                                        **CIVIL NO. 3:09-CV-969 (VLB) (TPS)**


**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION,**
    **- Defendant**


### MAGISTRATE JUDGE'S OPINION

Pursuant to 42 U.S.C. § 405(g), the plaintiff, Joseph A. Benikas, seeks review of the final decision of the defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability insurance benefits and supplemental security income. For the reasons set forth below, the plaintiff's motion to reverse the Commissioner's decision (Dkt. #8) should be DENIED, and the Commissioner's decision should be affirmed. 28 U.S.C. § 636 (b).

The plaintiff alleges that he became disabled on January 28, 2007, at age 44, and that he suffers from back pain, migraine headaches, testicular problems, anxiety, sleep apnea, and asthma. After the plaintiff's application for benefits was denied, he requested a hearing before an Administrative Law Judge ("ALJ"). ALJ

1

James E. Thomas held a hearing, which consisted of testimony by the plaintiff and a vocational expert, on December 29, 2008. (Tr. 17-56)  The ALJ then issued a decision on January 22, 2009, finding that the plaintiff was not disabled. (Tr. 4-16)  The Commissioner's Decision Review Board affirmed the ALJ's decision on April 23, 2009 (Tr. 1-3), and the plaintiff then filed the present case.

The ALJ must apply a five-step sequential evaluation process to each application for disability benefits.  See 20 C.F.R. §§ 404.1520 & 416.920.  First, the ALJ determines whether the claimant is employed.  If the claimant is unemployed, the ALJ proceeds to the second step to determine whether the claimant has a severe impairment preventing him from working.  If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment is equivalent to an impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1.  If the claimant's impairment meets or equals a listed impairment, the claimant is disabled.  However, if the claimant does not have a listed impairment, the ALJ proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant cannot perform his past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of the claimant's RFC, age, education, and work experience.  The claimant is entitled to disability benefits

only if he is unable to perform other such work.  The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the fifth step.  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008).

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error. . . .  Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008).

In the present case, the ALJ determined that the plaintiff was unemployed and that he had the severe impairment of "degenerative disk disease of the back with low back and residual left leg pain."  (Tr. 9-10)  The ALJ determined that the plaintiff's migraine headaches, testicular problems, anxiety, sleep apnea, and asthma were not severe impairments.  (Tr. 10-11)  The ALJ then determined that the plaintiff did not have an impairment or combination of impairments that met or equaled any of the listed impairments.  (Tr. 11)  After examining the plaintiff's RFC, the ALJ found that the plaintiff could not perform his past relevant work as a cabinet maker and machine operator.  (Tr. 11-14)  However, the ALJ found that the plaintiff could perform light work offering the option of sitting or standing, such as ticket taker, mail clerk, or checkroom

attendant, and that those jobs existed in the national economy. (Tr. 14-15)  The ALJ accordingly determined that the plaintiff was not disabled.

The plaintiff argues that the ALJ incorrectly determined that his anxiety was not a severe impairment.  The ALJ noted that the plaintiff had been prescribed medications for anxiety but that he had not been treated by a psychiatrist and there was no convincing evidence that his anxiety would last twelve consecutive months. (Tr. 10-11)  The ALJ accordingly determined that the effect of the plaintiff's anxiety on his ability to work was minimal rather than significant.  See 20 C.F.R. §§ 404.1521 & 416.921.

The plaintiff cites the assessment of Dr. Jay M. Cudrin, a psychiatrist, who examined him on December 14, 2007 and assigned him a "global assessment of functioning" score that, according to the ALJ, "suggest[ed] moderate psychiatric symptoms."  (Tr. 14)  The plaintiff argues that moderate symptoms must be greater than minimal symptoms, and so the ALJ should not have deemed his anxiety to be minimal.  However, as the Decision Review Board noted, the score given by Dr. Cudrin was the lowest in the "moderate" category, placing the plaintiff on the border of the "minimal" category. (Tr. 1)  "Moderate" is not the same as "significant," which is required in order to find a severe impairment.  The plaintiff also points to his testimony before the ALJ that he would "punch things" when he was in pain, that he becomes "aggravated" "a few times a month" and

feels like "screaming at somebody," and that his anxiety causes him to "get choked up in the chest." (Tr. 30-32)

The Commissioner cites the opinion of Dr. Marsha Hahn, who determined on January 10, 2008 that the plaintiff had no more than mild functional limitations and, therefore, no severe mental impairment. (Tr. 273-86) The Commissioner also cites the opinion of Dr. Louis Fuchs, who determined on May 26, 2008 that the plaintiff had no more than slight mental limitations. (Tr. 333-35) The magistrate agrees that the opinions of Dr. Hahn and Dr. Fuchs adequately support the ALJ's conclusion that the plaintiff's anxiety was not a severe impairment. Although the assessment of Dr. Cudrin and the plaintiff's testimony provide some weight in favor of the plaintiff's argument, the ALJ nonetheless relied on substantial evidence in making his finding.

The plaintiff next argues that the ALJ incorrectly assessed his RFC. The plaintiff contends that the ALJ should have assigned "extra weight" to the opinions of the plaintiff's treating physicians (Dkt. #8-2, p. 12) and should have assigned "relatively little weight" to the opinions of the plaintiff's non-treating physicians (Dkt. #8-2, p. 14). The plaintiff's treating physicians reported on December 3, 2008 that the plaintiff was able to sit for one hour and stand for one hour in an eight-hour workday. They also reported that the plaintiff was unsteady on his feet, needed to use a cane, and could not lift or carry more than 10 pounds. (Tr. 343-

5

44) The ALJ assigned "some weight" to the opinion of the treating physicians, but the ALJ assigned "significant weight" to the opinions of two non-treating physicians, Dr. Fuchs and Dr. Firooz Golkar. Dr. Fuchs reported on May 26, 2008 that the plaintiff could occasionally lift up to 50 pounds, stand and walk for at least two hours in an eight-hour workday, and sit for about six hours during the workday, as long as the plaintiff was given the option of alternating his sitting and standing. (Tr. 334) Dr. Golkar's assessment of the plaintiff on January 10, 2008 was largely similar to Dr. Fuchs's assessment. (Tr. 287-94)

Pursuant to 20 C.F.R. §§ 404.1527 (d) and 416.927 (d), the opinion of a physician who has treated or examined the claimant is generally entitled to more weight than the opinion of a physician who has not treated or examined the claimant. However, a treating physician's opinion is not always entitled to controlling weight. The regulations explain that there are several factors to be considered in assigning weight to a medical opinion, such as the length, nature, and extent of the treating relationship and whether the opinion is consistent with the entire record and supported by the evidence.

In the present case, the ALJ assigned less weight to the opinion of the plaintiff's treating physicians because it was inconsistent with the record and not supported by the evidence. Although the treating physicians noted that the plaintiff needed to

6

use a cane, medical records from the University of Connecticut Health Center noted that he was "seen in [the] parking lot walking . . . with no apparent diff[iculty] and [he held his] cane over [his] head" on August 30, 2007.  (Tr. 230)  The plaintiff also failed to complete a physical therapy program and was discharged from that program on December 12, 2007.  The discharge note explained that the plaintiff was "seen 5 times and failed to show 4 times without any notice. . . . [W]e are less than willing to continue providing treatment at this point."  (Tr. 213)  As the Decision Review Board noted in its decision, the plaintiff's treating physicians did not provide treatment records supporting their opinion of the plaintiff's limitations.  (Tr. 1)  The magistrate therefore agrees with the Commissioner that the ALJ properly weighed the medical opinions.

The ALJ also cited several reasons to doubt the plaintiff's credibility.  Credibility determinations are entrusted to the ALJ because the ALJ has the opportunity to observe the demeanor of the witness.  <u>Carroll v. Sec'y of Health & Human Services</u>, 705 F.2d 638, 642 (2d Cir. 1983).  At the ALJ hearing, the plaintiff testified that he did not perform household chores or leave his residence except for medical appointments.  (Tr. 37)  However, Dr. Cudrin noted on December 14, 2007 that the plaintiff was grocery shopping, cooking, cleaning, and washing laundry while living with his grandmother.  (Tr. 225)  Dr. Cudrin also noted that the plaintiff

had always been a special education student, but at the ALJ hearing, the plaintiff denied having been a special education student. (Tr. 22 & 225) The magistrate views these inconsistencies as adequate support for the finding that the plaintiff was not entirely credible.

The plaintiff's last argument is that the ALJ failed to incorporate the plaintiff's anxiety, difficulty with attention and concentration, anger, and medication-induced drowsiness into the plaintiff's RFC assessment. However, the ALJ noted that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" when determining the plaintiff's RFC. (Tr. 12) The ALJ's discussion of RFC referred to the record evidence that related to the four conditions identified by the plaintiff in his argument. For example, Dr. Cudrin's report referred to the plaintiff's difficulty with attention and concentration (Tr. 226), and the plaintiff's testimony referred to his anxiety, anger, and drowsiness. (Tr. 29-32) The ALJ properly conducted his assessment of the plaintiff's RFC.

Accordingly, the court recommends that the plaintiff's motion to reverse (Dkt. #8) be DENIED and the Commissioner's decision be affirmed. Either party may timely seek review of this recommended ruling in accordance with Rule 72 (b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72 (b). Failure to do so may bar

further review.  28 U.S.C. § 636 (b)(1)(B); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 5th day of March, 2010.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**